## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Gabriela Galeana and N.G., a minor by his parent and natural guardian Nicolas Galeana, on behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br><br> - vs. - <br><br> El Taquitos Corp., Ricardo Rodriguez, and Rocio Nava, <br><br> Defendants. | DOCKET NO. 18-cv-2950 <br><br> **COMPLAINT** |

Plaintiffs Gabriela Galeana and N.G., a minor by his parent and natural guardian Nicolas Galeana, by and through their undersigned attorneys, for their complaint against defendants El Taquitos Corp., Ricardo Rodriguez, and Rocio Nava, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1.    Plaintiffs Gabriela Galeana and N.G., a minor by his parent and natural guardian Nicolas Galeana, allege on

behalf of themselves and on behalf of other similarly situated current and former employees of defendants El Taquitos Corp., Ricardo Rodriguez, and Rocio Nava, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.   Plaintiff Ms. Galeana is an adult individual residing in the Bronx, New York.

4.   Plaintiff N.G. is a minor residing in the Bronx, New York, and brings this action through his parent and natural guardian Nicolas Galeana.

5.   Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

6.   Upon information and belief, defendant El Taquitos Corp. is a New York corporation with a business address registered with the secretary of state of 169 Cypress Ave. 2C, Bronx, New York that does business at the corner of 138th Street and Brook Ave. in the Bronx.

7.   At all relevant times, defendant El Taquitos has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.   Upon information and belief, at all relevant times, defendant El Taquitos has had gross revenues in excess of $500,000.00.

9.   Upon information and belief, at all relevant times herein, defendant El Taquitos has used goods and

materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

10. Upon information and belief, at all relevant times, defendant El Taquitos has constituted an "enterprise" as defined in the FLSA.

11. Upon information and belief, defendant Ricardo Rodriguez is an owner or part owner and principal of El Taquitos, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

12. Defendant Ricardo Rodriguez was involved in the day-to-day operations of El Taquitos and played an active role in managing the business.

13. Upon information and belief, defendant Rocio Nava is an owner or part owner and principal of El Taquitos, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

14. Defendant Rocio Nava was involved in the day-to-day operations of El Taquitos and played an active role in managing the business.

15. For example, defendant Rodriguez hired N.G., and hired Ms. Galeana the second time she worked for defendants; he also paid plaintiffs and set their schedules; defendant Nava hired Ms. Galeana the first time

she worked for defendants. Both defendant Rodriguez and defendant Nava supervised plaintiffs during their employment.

16. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since March 27, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were food service employees, and who were not paid

statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

20. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as non-exempt food service employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

21. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

22. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

23. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

24. At all relevant times herein, defendants owned and operated two taco trucks and a restaurant under the name El Taquitos.

25. Ms. Galeana was employed at El Taquitos from approximately May 2013 through January 2018, with roughly a one year gap from March 2016 through March 2017.

26. N.G. was employed at El Taquitos from approximately September 2014 through January 2018, with a month off in November 2016.

27. Ms. Galeana was employed at one of defendants' food trucks, stationed at 138th Street and Brook Ave. in the Bronx; her duties included food preparation, cooking, and taking and packing orders.

28. N.G. was employed originally as a delivery person and food preparer at one of defendants' food trucks, stationed at 138th Street and Brook Ave. in the Bronx; he later became a cook at that truck. However, from time to time he was assigned to cook and/or make deliveries at defendants' restaurant. His duties also included cleaning the truck after it closed at the end of the workday.

29. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

30. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of

goods for commerce, as defined in the FLSA and its implementing regulations.

31. During Ms. Galeana's first stint working for defendants, she regularly worked six days per week, twelve hours per day, for a total of about 72 hours per week.

32. During her second stint, she typically worked five days per week, 13½ hours per day, for a total of approximately 67½ hours per week.

33. Until N.G. temporarily left his employment with defendants in November 2016, he worked six days per week, seven hours per day, for a total of 42 hours per week. When he returned in December 2016, he typically worked six days per week – three days of 10½ hours and three days of 11 hours – for a total of about 64½ hours per week.

34. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

35. Plaintiffs were paid day rates by defendants.

36. Ms. Galeana was paid $80 per day throughout her employment.

37. N.G. was paid $25 per day for the first year of his employment, and then received a raise to $30 per day.

38.  When N.G. came back to work for defendants in December 2016, defendants began paying him $80 per day. After roughly five months, he got a raise to $100 per day.

39.  Plaintiffs received these amounts for all hours they worked, regardless of the number of hours they worked each day or week.

40.  As a result, Ms. Galeana's effective rates of pay were always below the statutory federal and state minimum wages in effect at relevant times.

41.  N.G.'s effective rates of pay were below the federal minimum wage for the first two years of his employment, and below the state minimum wages in effect throughout his employment.

42.  In addition to his pay, N.G. generally received tips when he made deliveries.

43.  However, defendants never provided N.G. with any notices or information regarding the "tip credit."

44.  Upon information and belief, defendants did not keep complete records of the tips received by N.G.

45.  Defendants' failure to pay plaintiffs an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

46. Plaintiffs were paid in cash throughout their employment, and they received no paystubs or wage statements of any sort with their pay.

47. In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

48. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

49. Ms. Galeana worked five or six shifts per week that lasted in excess of ten hours from start to finish, and N.G. worked six such shifts each week during the second stint of his employment, yet defendants willfully failed to pay them one additional hour's pay at the minimum wage for each such day, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

50. Defendants failed to provide plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to

obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

51. Defendants failed to provide plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

52. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like plaintiffs (the Collective Action Members) in positions at defendants' restaurant and trucks that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

53. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

54. Upon information and belief, defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

55. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

56. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

57. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

58. Upon information and belief, while defendants employed plaintiffs and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide records to employees.

59. Upon information and belief, while defendants employed plaintiffs and the Collective Action members, and through all relevant time periods, defendants failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act — Minimum Wage)

60. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, defendants employed plaintiffs and the Collective Action Members within the meaning of the FLSA.

62. Defendants failed to pay a salary greater than the minimum wage to plaintiffs and the Collective Action Members for all hours worked.

63. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

64. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

65. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover

from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law — Minimum Wage)

66. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

67. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68. Defendants willfully violated plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

69. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

70. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of

the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

71. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

72. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

73. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

74. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

75. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29

U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

76. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT IV**

**(New York Labor Law - Overtime)**

77. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

78. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79. Defendants willfully violated plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

80.   Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81.   Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

82.   Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

83.   At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84.   Defendants willfully violated plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq*. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

85. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

86. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

<u>**COUNT VI**</u>

**(New York Labor Law — Wage Theft Prevention Act)**

87. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

88. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

89. Defendants willfully violated plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

90. Defendants willfully violated plaintiffs' rights by failing to provide them with weekly wage statements

required by the Wage Theft Prevention Act at any time during their employment.

91. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $250 per day throughout their employment, up to the maximum statutory damages.

92. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory damages of $50 per day throughout their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

   a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29

U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g.  Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

h.  Liquidated damages for defendants' New York Labor Law violations;

i.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated: March 28, 2018

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiffs,
*Individually and on behalf of an*
*FLSA collective action*

# EXHIBIT A

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of El Taquitos food truck and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de El Taquitos food truck y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.


xGabriela Galeana
Gabriela Galeana


Date:  March 1, 2018

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of El Taquitos food truck and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de El Taquitos food truck y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

N.G. - REDACTED - F.R.C.P. 5.2(a)(3)

_____

By and through his father and legal guardian Nicolas Galeana

Date: March 19, 2018